Benjamin F. Saunders vs. Jonathan Doake — Error from Washington County.

To authorize a suit, under the act of 1840, "to provide a summary remedy to enable landlords or lessors to obtain possession of lands or tenements unlawfully detained, or withheld by tenants," the defendant must have been either a tenant, or a person in possession, or holding possession by, from, under, or by collusion with, a tenant.

Case stated in the opinion of the court.

Hancock for plaintiff in error.

Gillespie for defendant in error.

Mr. Justice Wheeler delivered the opinion of the court.

This suit was brought before a justice of the peace in 1842, under the act of 1840, "to provide a summary remedy to enable landlords or lessors to obtain possession of lands or tenements unlawfully detained or withheld by tenants." [4 Stat. 174.]

The plaintiff recovered judgment before the justice, and the defendant appealed to the district court.

There were exceptions to the original petition sustained, and the plaintiff thereupon amended.

The amended petition contains three distinct descriptions of

the cause of action. There were exceptions sustained to the first and third of these, and overruled as to the second. There was a trial and verdict for the defendant in the district court, at the fall term, 1846. A motion for a new trial, which was refused, and the plaintiff prosecuted this writ of error.

The ruling of the court in sustaining the exceptions to the petition constitutes the only ground relied on for reversing the judgment.

The act under which this suit was brought (section 1) provides, " that if any tenant or tenants, for a term of life or lives, year or years, or other person or persons, who shall be in possession of any lands, tenements or hereditaments, or any other person or persons holding such possessions, by, from, or under, or by collusion with, such tenant or tenants, shall unlawfully hold over such lands, tenements or hereditaments, after the expiration of the term or time for which they may have been leased or rented, the landlord or landlords, lessor or lessors, or the person or persons to whom the remainder or reversion of such lands, etc., may belong, may institute suit," etc.

The statements of the cause of action, which were adjudged upon the exceptions insufficient, contain the allegation that the plaintiff had leased certain lands for a term which had expired, and that the defendant was in possession of the lands, and unlawfully holding them against the plaintiff; without alleging that the defendant was the tenant of the plaintiff, holding over, after the expiration of the term, or that he was in possession. or holding under, or by collusion with, the tenant.

To authorize this suit, the defendant must have been either, first, a tenant, or second, a person " in possession " or " holding possession," by, from, or under, or by collusion with, a tenant. The one or the other is essential to the plaintiff's right to sue under the statute.

The absence of this essential element of the plaintiff's right, in his description of his cause of action, was rightly adjudged good cause of exception.

We are of opinion that there is no error in the judgment, and that it be affirmed.